914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry W. JIMMERSON, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 90-3209.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1990.
 
 Before MICHEL, Circuit Judge, BALDWIN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Jerry W. Jimmerson appeals the decision of the Merit Systems Protection Board, Docket No. AT04328910623 (Sept. 14, 1989), which became final upon denial of review by the full Board (Jan. 24, 1990), upholding the Department of Housing and Urban Development's removal of Jimmerson from the position of Community Planning and Development Representative, GS-12, on the basis of unacceptable performance. After this case was submitted, we granted Jimmerson's motion for leave to file the hearing transcript out of time. Jimmerson filed the transcript, in full, on August 8, 1990. We affirm.
 
 OPINION
 
 2
 The Board's decision must be sustained unless it is arbitrary, capricious, an abuse of discretion, obtained without proper procedures, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Jimmerson argues the Administrative Judge (AJ) improperly excluded documents recording thirty-three work assignments he completed during his performance improvement period (PIP). The AJ found the documents were untimely submitted for the hearing record, no good cause was shown for the late submission, and Jimmerson failed to identify which critical element applied to each document. Jimmerson v. Department Hous. & Urban Dev., Docket No. AT04328910623, slip op. at 3 n. 4 (Sept. 14, 1989). The exclusion was neither arbitrary, capricious, nor an abuse of discretion.
 
 
 4
 Jimmerson argues that the Board did not address whether his removal was taken in reprisal for filing a grievance against his supervisor, Ms. Emma Newsome, and for protected disclosures made to Newsome, Mr. Charles N. Straub, and Mr. Thomas A. Ficht. The AJ noted that the affirmative defense of reprisal was withdrawn by Jimmerson during the hearing. Id. at 1 n. 1; see Transcript, Jimmerson v. Department of Hous. & Urban Dev., No. 90-3209, vol. I, pt. II, at 268 (Fed.Cir. filed Aug. 8, 1990) [hereinafter Transcript]; Id. vol. II, at 275. Because Jimmerson abandoned the affirmative defense of reprisal at his hearing, he cannot argue it on appeal.
 
 
 5
 Jimmerson asserts that he was not aware of, nor did he understand, the performance standards and critical elements of his job, and that he was not given adequate assistance during his PIP. The AJ found that Jimmerson received adequate notice of the deficiencies in his performance and received counselling memoranda regarding the critical elements of the job as well as almost daily informal counselling regarding continued deficiencies in his performance. Jimmerson, slip op. at 8-9 & n. 7. Substantial evidence of record supports those findings. See, e.g., Transcript vol. I, pt. 1, at 52, 57 & 59.
 
 
 6
 Even though he abandoned his reprisal defense, Jimmerson asserted that Supervisor Newsome's evaluation of his work reflected personal animosity. However, the AJ noted that not one witness testified that animosity existed, and three individuals testified it did not, Jimmerson, slip op. at 4 n. 5, and he subsequently found that Newsome's evaluation was based on Jimmerson's deficient performance during the PIP, rather than on animosity. Id. at 8. Substantial evidence supports that finding. See, e.g., Transcript vol. I, pt. I, at 28 (testimony of Ficht); id. vol. I, pt. II, at 174 (testimony of Straub).
 
 
 7
 We have considered Jimmerson's additional arguments and determine they are unpersuasive. As to Jimmerson's assertion that he was due a Douglas factor review, we held in Lisiecki v. Merit Systems Protection Board, 769 F.2d 1558, 1566 (Fed.Cir.1985), cert. denied, 475 U.S. 1108 (1986), that mitigation of the penalty is not required when removal is based on Chapter 43, unacceptable performance.